UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**WARDLAW TRANSPORTATION, LLC
and HECTOR VELIS,**

        **Plaintiff,**

**v.**                                **Case No. 5:20-CV-1014-JKP**

**SOUTHERN TIRE MART, LLC,
BRIDGESTONE AMERICAS, INC., and
BRIDGESTONE AMERICAS TIRE
OPERATIONS, LLC,**

        **Defendants.**

<u>**ORDER**</u>

    Defendants removed this action on August 28, 2020, alleging diversity jurisdiction under

28 U.S.C. § 1332. *See* Notice of Removal (ECF No. 1). They assert the following jurisdictional

facts for each of the parties:

    1. Plaintiff Wardlaw Transportation, LLC is a Texas limited liability company authorized to do business in the State of Texas.

    2. Plaintiff Hector Velis is an individual residing in Texas, but the claim asserted herein is in subrogation, asserted by and through Federated Mutual Insurance Company for benefits paid to and/or on behalf of Plaintiff Velis.

    3. Defendant Bridgestone Americas Tire Operations, LLC was at all times and is now a citizen of a state other than the State of Texas. BATO, at the time of the initial filing of this action and ever since, is a limited liability company organized under the laws of the State of Delaware, having its principal place of business in Nashville, Tennessee. Bridgestone Americas, Inc. ("BSAM") is the sole member of BATO. BSAM is a corporation duly incorporated and organized under the laws of the State of Nevada, having its principal place of business in Nashville, Tennessee.

    4. Defendant Southern Tire Mart, LLC was at all times and is now a citizen of a state other than the State of Texas. Southern Tire Mart, LLC, at the time of the initial filing of this action and ever since, is a limited liability company organized under the laws of the State of Mississippi. Southern Tire Mart, LLC is wholly owned by two members, each a revocable grantor trust with trustees that reside in the State of Mississippi.

Although Defendants properly allege the citizenship of the corporate party and appear to recognize that the citizenship of a limited liability company ("LLC") is determined by the citizenship of its members, *see Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (concluding that "the citizenship of a LLC is determined by the citizenship of all of its members"), they fail to provide the citizenship of the members of the Plaintiff LLC. They instead rely on Plaintiffs' statement in the original state petition that the Plaintiff LLC is a Texas limited liability company authorized to do business in Texas. That statement is simply insufficient. For purposes of diversity jurisdiction, the citizenship of the Plaintiff LLC is not determined by where it is authorized to do business or under which state's law it is organized.

Similarly, Defendants rely on Plaintiffs' original petition regarding Plaintiff Velis. But that petition does not identify the citizenship of Velis or the Federated Mutual Insurance Company. As to Velis, the petition merely states where he resides. But "citizenship" and "residence" are not synonymous terms in this context. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc*., 929 F.3d 310, 313 (5th Cir. 2019). "Citizenship requires not only residence in fact but also the purpose to make the place of residence one's home." *Id.* (quotations and brackets omitted).

Furthermore, the United States Supreme Court has long held that "the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy" and the federal courts "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980); *accord KeyBank Nat'l Ass'n v. Perkins Rowe Ass'n, LLC*, 539 F. App'x 414, 416 (5th Cir. 2013) (per curiam). "There is a rough symmetry between the real party in interest standard of [Fed. R. Civ. P.] 17(a) and the rule that diversity jurisdiction depends upon the citizenship of real parties to the controversy. But the two rules serve different purposes and need not

2

produce identical outcomes in all cases." *Aetna Cas. & Sur. Co. v. Iso-Tex, Inc.*, 75 F.3d 216, 218 n.2 (5th Cir. 1996) (omitting internal quotation marks and quoting *Navarro Sav. Ass'n*, 446 U.S. at 463 n.9).

> The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery. Conversely, a party not possessing a right under substantive law is not the real party in interest with respect to that right and may not assert it. A federal court sitting in diversity must look to state law to determine which party holds the substantive right.

*Farrell Constr. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 140 (5th Cir. 1990) (citations omitted).

Defendants cannot simply rely on the original state petition as to the citizenship of Velis or Federated Mutual Insurance Company. It appears that the insurance company may be the real party in interest rather than Velis. But the Court need not determine that matter at this juncture depending on the jurisdictional facts provided for Velis and the insurance company.

In addition, Defendants have not stated sufficient jurisdictional facts regarding Defendant Southern Tire Mart, LLC. While they recognize that citizenship of the LLC is determined by the citizenship of its members and they identify the members as two trusts "with trustees that reside in the State of Mississippi," they provide insufficient information to determine the citizenship of either trust. For purposes of diversity jurisdiction, courts determine the citizenship of a trust "by the citizenship of its trustee." *Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.*, 670 F. Supp. 2d 555, 561 (N.D. Tex. 2009) (citing *Navarro Sav. Ass'n*, 446 U.S. at 462-63). But, in this instance, Defendants conflate residence of the trustees with their citizenship.

The Fifth Circuit has long held that, under Fed. R. Civ. P. 12(h)(3), the federal courts "have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Giannakos v.*

*M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). Rule 12(h)(3) provides in full: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Given the jurisdictional requirements of § 1332, the Court's responsibility for determining the existence of subject matter jurisdiction, and the express direction of Rule 12(h)(3), the Court directs Plaintiffs to cure the noted deficiencies in their jurisdictional facts by filing a "Notice of Jurisdictional Facts" in which they affirmatively state (1) the citizenship of all members of the Plaintiff LLC, (2) the citizenship of Plaintiff Velis, (3) the citizenship of Federated Mutual Insurance Company, and, if necessary, (4) a statement as to the real party in interest regarding Plaintiff Velis and the insurance company with specific reference to state law. The Court further directs Defendants to file a similar "Notice of Jurisdictional Facts" in which they affirmatively cure the noted deficiencies regarding Defendant Southern Tire Mart, LLC. The parties shall file their respective Notices **on or before November 13, 2020**. If the citizenship of the parties warrants a motion to remand, Plaintiffs shall file such motion within that same deadline.

SIGNED this 16th day of October 2020.

**JASON K. PULLIAM**
**UNITED STATES DISTRICT JUDGE**